**McINTYRE'S MINI COMPUTER SALES GROUP, INC., Plaintiff,**

v.

**CREATIVE SYNERGY CORPORATION, et al., Defendants.**

**Civ. A. No. MBD 87–82.**

United States District Court, D. Massachusetts.

April 29, 1987.

Francis R. Ortiz, Daryl G. Fryxell, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for Creative Synergy, Manning, and Chalmers.

Ronald F. Kehoe, Edward C. Saltzberg, Warner & Stackpole, Boston, Mass., for Hanson Data Systems, Inc.

Elliot M. Weinstein, Boston, Mass., for deponent, Joseph Vitka.

ORDER RE: JOSEPH VITKA'S REPLY TO MARCH 30, 1987 ORDER

PATTI B. SARIS, United States Magistrate.

On March 30, 1987, this Court ruled on a motion to compel filed by defendant Hanson Data Systems, Inc. ("Hanson Data") regarding the deposition of a non-party witness, Joseph Vitka ("Vitka"), held in Boston, Massachusetts on February 9, 1987.

Vitka refused on fifth amendment grounds to answer deposition questions or to produce documents which had been identified in the deposition subpoena. The Court ordered Vitka to respond to those deposition questions which Vitka agreed would not elicit incriminating disclosures but which Vitka had refused to answer because of his concern with waiver. Vitka was further instructed to submit within twenty (20) days from the date of the Order a written response stating, with respect to each deposition question he declines to answer, the grounds of his objection. Similarly, with respect to the documents Vitka refuses to produce, he was instructed to specify whether he was holding the documents in his personal capacity and why the act of production of each document requested in the subpoena might be incriminating. *See* Order Re: Defendant Hanson Data Systems, Inc.'s Motion to Compel, dated March 30, 1987.

On April 20, 1987, Vitka stated that he would respond only to certain enumerated deposition questions. Vitka conclusorily argues, with respect to all other deposition questions, that he properly invoked the fifth amendment and, with respect to the documents identified in the deposition subpoena, that such documents are held in his personal capacity and are constitutionally privileged. He failed to state, even *in camera,* the general reasons for answering each question.

Vitka has provided additional information to the Court: "When Hanson and his private investigator visited him he was directly accused of stealing, in concert with Ken Alexander, a former Hanson employee, Hanson's customer lists at issue in the lawsuit." Joseph Vitka's Reply to Order of March 30, 1987, pg. 4. The Court rules as follows:

1. *Deposition Questions*

■ On the basis of the evidence before it, including the additional information provided by Vitka in his written response, the Court concludes that further deposition

questions may be answered by Vitka, in addition to those specified by Vitka in his reply, without infringing on his fifth amendment privilege against self-incrimination. These further questions, which mainly concern Vitka's *general* employment background and *general* knowledge of, or contacts and dealings with other persons or entities, do not appear to call for responses which would tend to furnish a link in the chain of criminal evidence against him. *See Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). The Court has made this question-by-question analysis based on the skeletal record before it.

Accordingly, the Court orders Vitka to respond to the deposition questions he has agreed to answer *and* to the following general questions. However, because of the importance of the fifth amendment privilege, Vitka, through his counsel, may, within 7 days of the order, in lieu of answering, provide the Court with information (if desired, *in camera*) which will demonstrate question-by-question how the responses would be incriminating.[1]

1. Page 4, Line 14;
2. Page 7, Line 13;
3. Page 7, Line 18;
4. Page 7, Line 23;
5. Page 8, Line 4;
6. Page 8, Line 14;
7. Page 8, Line 19;
8. Page 8, Line 24;
9. Page 9, Line 4;
10. Page 9, Line 8;
11. Page 9, Line 13;
12. Page 9, Line 17;
13. Page 9, Line 21;
14. Page 10, Line 6;
15. Page 10, Line 10;
16. Page 10, Line 14;
17. Page 10, Line 18;
18. Page 10, Line 23;
19. Page 11, Line 3;
20. Page 11, Line 7;

---

1. All doubtful questions, which the Court has determined may elicit dangerous disclosures, have been excluded from the list in favor of the privilege.

21. Page 11, Line 12;
22. Page 11, Line 17;
23. Page 11, Line 22;
24. Page 12, Line 7;
25. Page 12, Line 3;
26. Page 12, Line 12;
27. Page 12, Line 17;
28. Page 12, Line 22;
29. Page 13, Line 3;
30. Page 13, Line 8;
31. Page 13, Line 13;
32. Page 13, Line 17;
33. Page 13, Line 22, and Page 14, Line 4;
34. Page 15, Line 8;
35. Page 16, Line 18;
36. Page 17, Line 5;
37. Page 19, Line 11;
38. Page 22, Line 6;
39. Page 22, Line 12;
40. Page 22, Line 17;
41. Page 22, Line 23;
42. Page 23, Line 4;
43. Page 23, Line 10;
44. Page 23, Line 20;
45. Page 23, Line 24;
46. Page 24, Line 4;
47. Page 24, Line 8;
48. Page 24, Line 12;
49. Page 24, Line 16;
50. Page 24, Line 20;
51. Page 24, Line 24;
52. Page 25, Line 4;
53. Page 25, Line 9;
54. Page 25, Line 14;
55. Page 25, Line 19;
56. Page 25, Line 24;
57. Page 26, Line 5;
58. Page 26, Line 9;
59. Page 26, Line 13;
60. Page 26, Line 23;
61. Page 37, Line 9;
62. Page 37, Line 20;
63. Page 38, Line 22;
64. Page 39, Line 9;
65. Page 39, Line 20;
66. Page 40, Line 7;
67. Page 40, Line 18;
68. Page 42, Line 22;
69. Page 43, Line 8;
70. Page 43, Line 13;
71. Page 48, Line 18;
72. Page 48, Line 22;
73. Page 52, Line 8.

### 2. *Documents*

■ The deposition subpoena requested all documents in Vitka's "possession, custody and control which relate in any way to the sale or transfer of information or materials including, without limitation, any customer lists, from [Vitka] or any entity represented by [Vitka], directly or indirectly, to McIntyre's Mini Computer Sales Group, Inc. ("MMC") from January 1, 1980 to present, and all documents relating to payments or other consideration received by [Vitka] or any entity represented by [Vitka] from MMC from January 1, 1980 to the present." The production of the customer lists held in Vitka's personal capacity, or documents regarding payments received from the sale of any such customer lists, would compel him to admit by the very act of production that such documents exist, are in his possession, and are authentic. Thus, in light of the allegation that Vitka stole customer lists, the Court concludes that he compelled disclosure of such documents could seriously implicate fifth amendment concerns. *See In re Kave*, 760 F.2d 343, 356 (1st Cir.1985).

To the extent that such request asks Vitka to produce *all* other documents which relate to the sale or transfer of any other information or materials to the plaintiff, or which relate to the receipt of any other payment or consideration from the plaintiff, the document request contained in the deposition subpoena is overbroad.

Therefore, Vitka is not required to produce the documents identified in the deposition subpoena, unless Hanson Data should discover, and submit to the Court, additional evidence indicating that any customer lists or documents relating to payments or

other consideration received from the sale of such lists are held by Vitka in his representative, as opposed to personal, capacity.

SO ORDERED,